IN RE ESTABLISHMENT OF RETAIL SERVICE AREA BOUNDARIES BETWEEN THE CITY OF GERING, A MUNICIPAL CORPORATION, AND GERING VALLEY RURAL PUBLIC POWER DISTRICT. CITY OF GERING, A MUNICIPAL CORPORATION, APPELLANT, V. GERING VALLEY RURAL PUBLIC POWER DISTRICT, APPELLEE.

142 N. W. 2d 155

Filed April 29, 1966. No. 36109.

Holtorf, Hansen & Kortum and Charles F. Fitzke, for appellant.

Byron M. Johnson, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and BRODKEY, District Judge.

SMITH, J.

The Nebraska Power Review Board delimited areas to be served respectively by two suppliers of electric energy at retail, Gering Valley Rural Public Power District and the City of Gering. On appeal, the city contends that it was deprived of its statutory right to serve the area within its extraterritorial zoning jurisdiction and that the conditions prescribed by the board are uncertain.

The two suppliers furnished services in overlapping areas outside the corporate limits of the city. The board established a divisional line which paralleled roughly the line bounding the corporate territory of the city on the south and the west. The two lines coincide in a few places; they are less than 1 mile apart in most places. The board designated the land between the two lines as the service area of the city, and the land beyond as the service area of the district. The extraterritorial zoning jurisdiction of the city extends 1 mile. § 16-901, R. R. S. 1943.

The overlap of the zoning area and the service area of the district is said to be contrary to the right of the city. By statute a municipality operating a retail system within its extraterritorial zoning jurisdicton shall have the right to serve that area except for present customers of other suppliers, but right and duty are correlative. See §§ 70-1008 (1) and 70-1017, R. S. Supp., 1963. Although the language is provocative, other provisions soften it.

Timely assertion of the municipal right was intended to be a part of the legislative program for elimination of wasteful competition and duplication of facilities. Suppliers have been authorized to agree upon their service areas subject to approval by the board. Indeed the Legislature specifically encouraged agreement. In case of nonagreement every supplier was required to file with the board prior to July 1, 1964, a statement containing the following information: Its service area and cus-

tomers; its claims; the reason for failure of agreement; and the nature and extent of any dispute. The Legislature authorized the board on notice and hearing to establish service areas in event of nonagreement. See §§ 70-1001 to 70-1008, R. S. Supp., 1963.

The city procrastinated assertion of its right to serve the area now in dispute. The district began negotiations early, but no reason for the nonagreement was given. The city failed to file the statement required by statute, and it failed to furnish the information subsequently. At commencement of the hearing its position was doubtful. Near the end of the hearing the mayor testified to the area requested by the city, but his testimonial claim was untimely. A city which fails to file a claim in advance of hearing waives the right, unless reasonable excuse for the failure is shown. The waiver in the present case is clear.

The board established the service areas subject to identical conditions except for the reversible positions of the suppliers. The city insists that the conditions are inoperable for uncertainty in designation of suppliers. Although the language in the order is imprecise, the city exaggerates the defects. In view of the argument we paraphrase conditions applicable to the service area of the district. The city must limit its service to its present customers and loads. The district may not serve a new customer or a new load if the customer or the load is located closer to a line of the city than to a line of the district. Exceptions to the conditions may be approved by the board on application of either supplier. We conclude that the board sufficiently identified the parties.

The order is affirmed.

AFFIRMED.